UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY MASON,<br><br>                           Plaintiff,<br><br>v.<br><br>TIC BAYSIDE INN, LLC, et al.,<br><br>                          Defendants. | Case No.: 19cv392-W-LL<br><br>**ORDER FOLLOWING SHOW CAUSE HEARING: (1) IMPOSING SANCTIONS; AND (2) SETTING FOLLOW-UP SETTLEMENT CONFERENCE** |

On May 14, 2019, the Court attempted to hold an Early Neutral Evaluation ("ENE") Conference. Plaintiff's counsel, Mr. Michael A. Taibi appeared, but Plaintiff, Mr. Roy Mason, did not. See ECF No. 16. At the scheduled time for the ENE, the Parties represented to the Court they had settled the dispute prior to the ENE. Because Plaintiff was not physically present, the Court was unable to determine whether the settlement terms had been communicated to Plaintiff.

On May 15, 2019, the Court issued an Order to Show Cause requiring Plaintiff and Plaintiff's counsel to show cause as to why sanctions should not be imposed for Plaintiff's failure to appear at the ENE. See ECF No. 17. On May 18, 2019, Plaintiff's counsel timely filed a Declaration addressing the Court's Order to Show Cause. See ECF No. 18. Defendant declined to file a Response. See Docket.

On May 21, 2019, the Court held the Show Cause Hearing. Plaintiff's counsel

appeared but Plaintiff again did not. See ECF No. 19.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 16(f)(1), a court may issue "any just orders" if a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Similarly, Civil Local Rule 83.1(a) permits the Court to order sanctions for failure to comply with the Local Rules or the Federal Rules of Civil Procedure. Specifically, Civil Local Rule 83.1(a) states:

> Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

Civ. L. R. 83.1(a).

## **DISCUSSION**

### I. **Plaintiff's Failure to Appear**

In his Declaration, Plaintiff's counsel, Mr. Taibi, states he attempted to make contact with Plaintiff eight times by telephone beginning May 1, 2019 to inform Plaintiff his attendance at the Court's ENE was mandatory. ECF No. 18 at 2. According to Mr. Taibi, Plaintiff did not respond until the evening of May 14, 2019 (the day of the ENE). Id. Mr. Taibi did not inform the Court of his inability to contact Plaintiff until a day prior to the ENE. See ECF No. 14.

At the Court's May 21, 2019 Show Cause Hearing, Plaintiff's counsel represented he attempted to contact Plaintiff several times and sent a courier informing Plaintiff that

2

19cv392-W-LL

his appearance at the Show Cause Hearing was mandatory. Plaintiff's counsel represented Plaintiff failed to appear because Plaintiff was "frustrated" as to why he had to do so. Again, Mr. Taibi did not inform the Court that Plaintiff would not appear until the scheduled date and time of the Show Cause Hearing.

Having considered Mr. Taibi's declaration and his statements made during the hearing, the Court finds Plaintiff has provided no justification for his failure to appear (despite being given an opportunity to do so). Accordingly, the Court finds that the imposition of monetary sanction is both reasonable and just.

Accordingly:

1. The Court **ORDERS** Plaintiff and Plaintiff's counsel to collectively pay monetary sanctions of $500.00 comprised of: (1) one check of $250.00 made payable to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified Fund of the United States Treasury; and (2) one check made payable to Defendant in the amount of $250.00. The payments must be made on or before **May 31, 2019**.

2. Plaintiff's counsel shall file a Notice of Payment of Sanctions to the Court on or before **June 7, 2019.**

## II. The Parties' Settlement

Although the Parties represent they have settled the case, the Court continues to have concerns relating to Plaintiff's involvement in this case.[1] For these reasons, counsel for all Parties and Plaintiff are **ORDERED** to appear in-person before the Court for a follow-up Settlement Conference on **June 11, 2019** at **9:30 a.m.**

Plaintiff and Plaintiff's counsel are hereby advised failure to comply with this Order, including failure to appear at the settlement conference, may result in further sanctions, including a recommendation to the District Judge that Plaintiff's case be dismissed with

---

[1] The Court takes judicial notice of the action entitled Roy Mason v. Djani Ivanov et al., Case No. 18cv946-JAH-BGS.

prejudice. See Fed. R. Civ. P. 41(b) ("If the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); see also Hells Canyon Preservation Council v. U.S. Forestry Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("The consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.") (citing Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.")).

Absent a Court Order otherwise, the Parties will continue to be responsible for meeting all deadlines set forth in the Court's Scheduling Order. See ECF No. 20.

### III. Other Provisions of the Court's Notice and Order for Early Neutral Evaluation ("ENE") Conference

In the Court's May 15, 2019 Order, the Court ordered Plaintiff's counsel to: (1) explain Plaintiff's counsel's failure to participate in drafting a Joint Discovery Plan in violation of Section 6(b) of the Court's May 15, 2019 Order; and (2) describe in detail, including by date, time, and method, all efforts made by Plaintiff's counsel to contact Defendant in order to make arrangements for a meet and confer at the subject premises in compliance with Section 8(c) of the Court's Order. ECF No. 17 at 2.

In his Declaration, Plaintiff's counsel, Mr. Taibi, states that he e-mailed a proposed settlement agreement to Defendant's attorney on April 11, 2019 and was awaiting a response to this e-mail before discussing the Joint Discovery Plan and the Parties' meet and confer at the subject premises. ECF No. 18 at 2. Mr. Taibi states he never received a response. Id.

At the Show Cause hearing, Defendant's counsel, Mr. David G. Molinari, could not make any representations regarding communications between Plaintiff's counsel and Defendant's counsel based in San Francisco. Mr. Molinari did state Defendant's counsel had sent e-mails to Plaintiff's counsel regarding the Joint Discovery Plan and meet and

4

19cv392-W-LL

confer requirement.

Based on the record before the Court, the Court does not have sufficient information to determine whether any Party is truly "at fault" for the Parties' failure to jointly submit a Discovery Plan or meet and confer at the subject premises. For these reasons, the Court declines to impose sanctions for non-compliance with respect to these provisions of the Court's April 8, 2019 Order.

**IT IS SO ORDERED.**

Dated: May 23, 2019

Honorable Linda Lopez
United States Magistrate Judge